SHARP, Judge.
After pleading guilty to one count of burglary of a dwelling in violation of section 810.02(3), Florida Statutes (1979), and one count of grand theft in violation of section 812.014(2)(b)l, Florida Statutes (1979), appellant was adjudged guilty of both counts. He was required to pay the victim five thousand three hundred dollars ($5,300) in restitution for grand theft, and he was sentenced to two years imprisonment (with credit for time served in jail) for the burglary offense and to a consecutive term of fifteen years probation for the grand theft offense. Grand theft pursuant to section 812.014(2)(b) as charged in this case is a third degree felony for which the penalty may not exceed five years imprisonment. § 775.082(3)(d), Fla.Stat. (1979). Appellant argues, and the State agrees, it was error to impose a term of probation which exceeds the maximum sentence allowed by the criminal statute. Therefore we vacate the sentence of fifteen year probation for grand theft and remand this case to the trial court for appropriate resentenc-ing. Twining v. State, 380 So.2d 496 (Fla.2d DCA 1980); Peeples v. State, 376 So.2d 287 (Fla.5th DCA 1979). Otherwise, the judgments and sentences are affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESEN-TENCING.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.